2014 UT App 278

# THE UTAH COURT OF APPEALS

JANENE GOURLEY,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES, WORKFORCE
APPEALS BOARD,
Respondent.

Memorandum Decision
No. 20130145-CA
Filed November 28, 2014

Original Proceeding in this Court

Jeremy G. Knight, Attorney for Petitioner

Amanda B. McPeck, Attorney for Respondent

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN
concurred.

DAVIS, Judge:

¶1     Claimant Janene Gourley seeks review of the Workforce
Appeals Board's (the Board) decision that she had committed fraud
in the receipt of unemployment benefits and its order that she pay
a total of $3,216 for receiving an overpayment of benefits and as a
civil penalty. We decline to disturb the Board's decision.

¶2     Gourley began receiving unemployment benefits on
November 27, 2011, after being laid off from her job. She collected
unemployment checks through May 12, 2012. While she was
unemployed, Gourley's family and her then-boyfriend, Jim Cross,
gave her money to help with her medical bills and living expenses.
Cross's checks, which Gourley considered gifts, were issued from

the business account for his company, Cross Marine Projects. As a memo on the checks, Cross would often write "marketing," "contract work," or "consulting," even though Gourley did not perform any such work for Cross Marine Projects until her business, Liberty Belle Public Relations, was licensed in April 2012. In October 2012, the Department of Workforce Services (the Department) began investigating Gourley's case file and concluded that Gourley had committed fraud on the Department by receiving $2,235 of unemployment payments to which she was not entitled. The Department also imposed a civil penalty of $2,235, resulting in a total ordered payment of $4,470. Gourley appealed the Department's decision to an Administrative Law Judge (ALJ). The ALJ also found that Gourley had committed fraud but reduced the amount of overpayment to $1,608 based on his finding that the checks Gourley received from Cross between November 2011 and early March 2012 were gifts and incorrectly included in the Department's calculations. The ALJ found credible Cross's and Gourley's testimonies that the checks Cross issued during that period were for personal reasons even though Cross issued the checks from the Cross Marine business account and indicated in the check memos that "the payments were for business purposes." The ALJ also reduced the civil penalty imposed by the Department to $1,608, for a total ordered payment of $3,216. The Board affirmed the ALJ's decision.

¶3     Gourley argues that the Board's decision is not supported by substantial evidence.[1] The Board's determination that Gourley committed fraud is "a mixed question of law and fact" that is more

---

1. Gourley also argues that the "Board modified its adopted findings from the ALJ," rendering its findings unsupported by the record. This argument is without merit. The first of the two findings that Gourley identifies as "modified" relates to the Board's ruling on her request to submit additional evidence, not its review of the ALJ's ruling. *See infra* ¶ 7. The second challenged finding—that Gourley became self-employed on April 10, 2012—is in accordance with Gourley's testimony before the ALJ and is otherwise only semantically different from the ALJ's finding.

fact-like than law-like "because the trial court [or agency] is in a superior position to decide it" and because the case "does not lend itself to consistent resolution by a uniform body of appellate precedent." *Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (alteration in original) (citation and internal quotation marks omitted) (reviewing the Board's decision regarding a request for unemployment benefits). Accordingly, "[w]e grant more deference" to the Board's decision. *Id.*

¶4    "Fraud requires a willful misrepresentation or concealment of information for the purpose of obtaining unemployment benefits." Utah Admin. Code R994-406-401(2). To establish fraud, the Department must demonstrate by clear and convincing evidence the elements of materiality, knowledge, and willfulness. *Id.* R994-406-401(1); *id.* R994-406-402. Gourley specifically challenges the Board's findings of materiality and knowledge. Because the Board indicated that it "adopt[ed] in full the factual findings of the [ALJ]," we address the ALJ's findings directly.

¶5    "Materiality is established when a claimant makes false statements or fails to provide accurate information for the purpose of obtaining[] (A) any benefit payment to which the claimant is not entitled, or (B) waiting week credit which results in a benefit payment to which the claimant is not entitled." *Id*. R994-406-401(1)(a)(i). The ALJ found that Gourley failed to inform the Department that she had received $200 from Cross Marine on March 14, 2012, that was intended "specifically to get her business started and begin her contract work with Cross Marine Projects." The ALJ also found that Gourley licensed her business in April 2012 and began contract work with Cross Marine on April 10, 2012, but failed to report either development to the Department in the weekly claims she filed in April and May 2012. The ALJ considered Gourley's testimony that someone else filed the weekly claims in April and May 2012 without her knowledge or authorization as "self-serving" and "not credible," noting that "[t]he weekly filing process requires a personal identification number that only [Gourley] would have" and that Gourley "could not offer any

reasonable explanation for how the weekly claims could be filed without her knowledge."

¶6　Gourley contends that the March 14 check for $200 was not material information that she was required to report to the Department because the check was not related to her business venture—the check was addressed to her personally, not Liberty Belle Public Relations and, at that time, she had not yet filed for a business license. Likewise, she argues that "[a]lthough in April checks paid by Mr. Cross were made out to Liberty Belle, these checks were not for employment wages or related subcontractor services" but were intended as gifts to help her pay off bills related to a car accident she had in early April 2012. These arguments are unavailing and contrary to Gourley's testimony before the ALJ. During that hearing, Gourley testified that the check she received around "[t]he end of March" was "a retainer type" and intended to help her "with getting a business started." And she indicated that she had actually used that check "for starting the company." She also testified that she obtained her business license in April 2012, that she "started [her] business April 10th," and that she "started getting paychecks [from Cross Marine] in April." She testified that she received a $300 check in early May 2012 to help her pay expenses related to setting up her business. Regardless of whether any of the payments Gourley received in April and May 2012 were considered by any of the parties as gifts, they do not mitigate the effects of her own testimony indicating that she was also receiving payments for work performed and to cover business expenses during that same period.

¶7　Last, there is no evidence in the record of a car accident to support Gourley's explanation for the checks Cross gave her in April. She raised a similar argument in her appeal to the Board. The Board declined to consider this "new evidence on appeal" because the evidence "was available at the time of the hearing [before the ALJ]" and because Gourley had "not presented any evidence of extenuating circumstances which would warrant accepting this new evidence [on appeal to the Board]." *See* Utah Admin. Code R994-508-305(2) ("Absent a showing of unusual or extraordinary

circumstances, the Board will not consider new evidence on appeal if the evidence was reasonably available and accessible at the time of the hearing before the ALJ."). We agree with the Board; surely evidence that Gourley was injured in a car accident in April 2012 was "reasonably available" at the time of the hearing before the ALJ in December 2012.[2] Accordingly, because there is no evidence properly before this court to substantiate Gourley's arguments related to a car accident, we do not consider those arguments. *See Salt Lake Donated Dental Servs., Inc. v. Department of Workforce Servs.*, 2011 UT App 7, ¶ 12, 246 P.3d 1206 (holding that the court of appeals will not consider untimely filed "affidavits in determining whether the Board's decision was supported by substantial evidence"). The Board's finding of materiality is supported by substantial evidence. *See Record v. Workforce Appeals Bd.*, 2011 UT App 340, ¶ 19, 263 P.3d 1210 (defining "substantial evidence").

¶8      Next, the knowledge element of fraud involves a showing that the claimant knew or should have known that "the information submitted to the Department was incorrect or that he or she failed to provide information required by the Department." Utah Admin. Code R994-406-401(1)(b). This element "can also be established when a claimant recklessly makes representations knowing he or she has insufficient information upon which to base such representations." *Id.* A claimant's failure "to read material provided by the Department and to ask a Department representative if he or she has a question about what information to report" is not a defense against this element. *Id.* The ALJ established knowledge based on its finding that Gourley "knew or

2. The Board also noted that "even if [it] were to consider [Gourley's] new evidence it would not alter the decision of the [ALJ]." In Gourley's own words, the injuries she sustained in the car accident "prevented [her] from working." Yet, she submitted weekly claims through April and May 2012 certifying that she was "able and available for full-time work." Thus, the Board indicated that the car accident evidence could also support a finding of fraud in that it suggests Gourley "incorrectly reported information when filing weekly claims."

should have known to report her gross weekly earnings, as instructed when she filed her claims for unemployment benefits" and as indicated in the "Claimant Guide," and that she "knew or should have known to contact the Department for assistance, especially once she began her business venture in April 2012."

¶9    Gourley asserts that she did not knowingly withhold material information "because there was no employment or subcontractor agreement and [she] was not actively growing or managing a business to collect profit [due to her car accident]." This argument does not excuse Gourley's failure to report the creation of her business in April 2012 or her receipt of the March 14 retainer check. *See id.* R994-207-101(1) ("It is not the intent of the [unemployment] fund to subsidize a claimant who is devoting substantially all his time and efforts to starting up a new business or expanding an existing business even though he receives no income."). Likewise, Gourley's argument that she does not recall reading through the Claimant Guide is of no effect. *See id.* R994-406-401(1)(b). As the ALJ recounted, the web-based form Gourley completed each week she submitted a claim for benefits stated, in bold text,

> "You must report any work performed, including self employment while filing for unemployment benefits. All gross wages must be reported for the week the work is performed, regardless of when it was paid. Not reporting wages or self employment constitutes fraud and the law provides severe penalties for receiving unemployment benefits fraudulently."

The Claimant Guide indicated the same. Accordingly, the Board's finding of knowledge is also supported by substantial evidence.[3]

---

3. Because we conclude that the Board's findings are supported by substantial evidence, we do not address Gourley's argument that the Board erred by not giving more weight to certain evidence that

(continued...)

¶10    The Board based its findings of materiality and knowledge on substantial evidence. Gourley did not challenge the Board's findings supporting the willfulness element of fraud. In turn, all three elements of fraud are established and supported by substantial evidence, and we decline to disturb the Board's conclusion that Gourley committed fraud or its calculation of the overpayment and civil penalty amounts.

———————

3. (...continued)
supported her arguments. For the same reason, we reject Gourley's argument that the Board erroneously included the March 14, 2012 check and April 2012 payments in its overpayment and penalty calculations.